ALBERT E. DALEY *vs.* EARL H. BORDEN. November 3, 1954. Exceptions overruled. The plaintiff had a verdict in this action of tort for negligence. The defendant's only exception is to the denial of his motion for a directed verdict in his favor. There was evidence for the plaintiff as follows. At half past six on the evening of March 3, 1951, the plaintiff was walking home in a northerly direction on Churchill Street in Pittsfield. There was no sidewalk, and he walked on the right side of the road in a straight line. The defendant in his automobile saw the plaintiff ahead of him five hundred feet away. The road was seventeen feet wide, of which a path ten feet wide was clear of snow. There was no question that the defendant's automobile came in contact with the plaintiff. The plaintiff saw and heard nothing behind him. The jury were not required to believe evidence tending to show that the defendant was careful or the plaintiff negligent or intoxicated. The plaintiff was entitled to go to the jury on the evidence most favorable to his recovery.

*Frederick M. Myers*, for the defendant.

*John M. Shea*, (*F. Richard Drennan* with him,) for the plaintiff.

NATHAN K. CONCANNON *vs.* WILLIAM C. SANDBERG. November 3, 1954. Decree affirmed. This is an appeal from a decree of the Probate Court appointing the petitioner guardian with custody of the four minor children of William C. Sandberg and his wife Gloria M. Sandberg, now deceased. The evidence leaves the father seriously ill at the Veterans Hospital in Rutland and is ample in other respects to support the finding of the judge that he is "unfit to have such custody." G. L. (Ter. Ed.) c. 201, § 5. The petitioner is the maternal grandfather of the children. A sister of the father sought to be appointed and was preferred by him over the petitioner. If appointed, she intended to leave the children with a family named Brengola with whom they had formerly been placed for a period of years and with whom or near whom the aunt also intended to live. There was much evidence tending to favor the petitioning grandfather and also much tending to favor the claim of the aunt. The case presented issues of fact and involved the exercise of sound judicial judgment. We see no reason to disturb the conclusion of the judge who saw and heard the witnesses.

*Vincent R. Brogna*, for the respondent.

No argument nor brief for the petitioner.